UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LENA PANTANELLI | * | CIVIL ACTION |
| versus | * | NO. 06-11432 |
| STATE FARM INSURANCE COMPANY | * | SECTION "F" |

ORDER AND REASONS

Before the Court is State Farm's motion for summary judgment. For the reasons that follow, the motion is DENIED without prejudice.

Background

This is an insurance dispute arising out of Hurricane Katrina-damaged property. Plaintiff is *pro se*.

At the time of Hurricane Katrina, State Farm was the homeowner policy insurer for Ms. Pantanelli's property at 212 38th Street in New Orleans; her house is located just a few blocks from one of the breaches of the 17th Street Canal. Ms. Pantanelli did not have flood insurance.

Ms. Pantanelli reported her loss to State Farm in early September 2005. State Farm gave her an advance of $2,500. Then, after inspecting the property, State Farm paid Ms. Pantanelli $6,913.15 for her roof and other wind-related damages on November 29, 2005.

1

Ms. Pantanelli sued State Farm in state court. State Farm removed the suit, invoking this Court's diversity jurisdiction.[1] State Farm now seeks summary judgment on the unauthenticated submission that Ms. Pantanelli's claimed damages are excluded from coverage under the flood exclusion in the homeowner's policy.

## I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is

---

[1] In its Notice of Removal, State Farm asserted that the amount in controversy requirement of diversity jurisdiction was met because the plaintiff is seeking statutory penalties, in addition to the policy limits of her homeowner's policy, which has limits of $113,850 in coverage for the dwelling, $85,388 in coverage for contents, and $11,385 in coverage for dwelling extensions, and additional living expenses.

appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, she must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II.

Summary judgment is inappropriate on this record. State Farm characterizes the plaintiff's claim as seeking coverage for damage caused by flood, a peril which it says is excluded by her insurance policy. The plaintiff insists, without more, that the damage was caused by wind, not flood. But the parties' submissions are inadequate -- neither side has submitted competent evidence in support of their respective positions. See King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994) (citation omitted) (unauthenticated documents are improper as summary judgment evidence).

3

Federal Rule of Civil Procedure 56(e) provides:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

Indeed, it is well-settled that "[t]o be admissible [as summary judgment evidence], documents must be authenticated by and attached to an affidavit that meets the requirements of [Federal Rule of Civil Procedure] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." 10A Charles Alan Wright, et al., Federal Practice and Procedure § 2722, at 59-60 (3d ed. 2007) (footnotes omitted).

The defendant's motion is simply not properly supported; with the exception of plaintiff's deposition transcript, the exhibits submitted with State Farm's memorandum are mere unsworn documents that are not properly authenticated and are, therefore, incompetent summary judgment evidence. See Fed.R.Civ.P. 56(e); see also Templet v. Hydrochem, Inc., 367 F.3d 473, 481 n.5 (5th Cir. 2004) (noting that Rule 56(c) and 56(e) requires summary judgment evidence to be sworn and authenticated).[2]

---

[2] In her opposition memorandum, Ms. Pantanelli alludes to certain "evidence", saying "pictures show evidence exhibit A, B, C, etc." but no exhibits are attached to her opposition. She should be counseled that the deference accorded to *pro se* plaintiffs is

4

State Farm has failed to meet its summary judgment burden. Absent the submission of competent record evidence, the Court cannot evaluate whether the record discloses disputed issues of material fact.[3]

Accordingly, State Farm's motion for summary judgment is DENIED without prejudice.

New Orleans, Louisiana, May 14, 2008.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

not without limits.  See footnote 3, infra.

[3] The Court is mindful that Ms. Pantanelli is representing herself in this matter, and accordingly her filings must be liberally construed. See Erickson v. Pardus, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (citing Estelle v. Gable, 249 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976))("A document filed pro se is 'to be liberally construed' and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"). However, in the event any future motions for summary judgment are filed, the Court notes that Ms. Pantanelli's "pro se status does not exempt her from the usual evidentiary requirements of summary judgment." See Ellis v. Principi, 246 Fed.Appx. 867, (5th Cir. Sept. 5, 2007) (per curiam) (citing Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995)); cf. Merriman v. Potter, 251 Fed.Appx. 960, 965-66 (5th Cir. Oct. 25, 2007) (per curiam) (referencing Fed.R.App.P. 28 and noting that "even a pro se appellant must brief the reasons for the requested relief, including 'citation to the authorities, statutes and parts of the record relied on'").