UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LENA PANTANELLI | * | CIVIL ACTION |
| versus | * | NO. 06-11432 |
| STATE FARM INSURANCE COMPANY | * | SECTION "F" |

<u>ORDER AND REASONS</u>

Before the Court are cross motions for summary judgment.  For the reasons that follow, the defendant's motion is GRANTED and the plaintiff's motion is DENIED.

<u>Background</u>

This is an insurance dispute arising out of Hurricane Katrina-damaged property.  Plaintiff is *pro se* and despite the efforts of this Court, remains unrepresented by counsel.[1]

The facts of this case are not disputed.  At the time of Hurricane Katrina, State Farm was the homeowner policy insurer for Ms. Pantanelli's property at 212 38th Street in New Orleans; her house is located just a few blocks from one of the unquestioned breaches of the 17th Street Canal.  When it ruptured, water from the canal inundated the city, significantly damaging surrounding property.  As a result, Ms. Pantanelli's house was almost completely submerged, with the water level reaching as high as the

_____

[1] The Court is satisfied that counsel for State Farm has made extraordinary efforts to assist Ms. Pantanelli to understand the obstacles she has faced regarding this dispute.

1

gutters on her roof.  Unfortunately, like many, she did not have flood insurance.

After the tragedy, Ms. Pantanelli submitted a claim to State Farm under her homeowners policy. State Farm gave her an advance of $2,500.  Then, after inspecting the property, State Farm concluded that the overwhelming cause of damage to the structure and contents of Ms. Pantanelli's house was caused by flood, not wind. Her homeowners policy unambiguously limits coverage by excluding damage caused by water:

> SECTION I – LOSSES NOT INSURED
> ...
>
>> 2.  We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events.  We do not insure for such loss regardless of : (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
>
> ...
>
>> C.  **Water Damage,** meaning:
>> (1) flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, all whether driven by wind or not....

State Farm paid Ms. Pantanelli $6,913.15 for her roof and other wind-related damages on November 29, 2005, but has denied her

claims for other damages based on this water damage exclusion.  She vigorously and emotionally insists her house was destroyed by wind, not flood.

Ms. Pantanelli sued State Farm in state court, and State Farm removed the suit, invoking this Court's diversity jurisdiction.

State Farm now seeks summary judgment on the submission that all unpaid damage to Ms. Pantanelli's house is excluded by the policy's flood provisions.[2]  Ms. Pantanelli also seeks summary judgment on the unauthenticated and mistaken submission that the flood damage to her property is covered under her homeowners policy because the flood was caused by wind.

## I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of

---

[2] On May 14, 2008, the Court denied without prejudice State Farm's motion for summary judgment because State Farm failed to authenticate the evidence it submitted with its motion.  State Farm has cured that deficiency by submitting authenticated evidence with its present submission.  The Court has also seriously considered Ms. Pantanelli's motion and arguments even though her submissions are not in compliance with the rules of practice or case decisions.

fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, she must come forward with competent evidence, such as affidavits or depositions, to buttress her claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II.

Summary judgment is appropriate where, as here, no material facts are in dispute and settled law requires this and all courts

4

to enforce as written unambiguous water damage exclusions in insurance policies.

The cross-motions for summary judgment are considered together; they raise the same issue: whether the water damage exclusion in the plaintiff's homeowners policy bars her from recovering for property damage caused by water, by flood. It is undisputed that the damage to the plaintiff's property was indeed caused by the inundation of her house by flooding waters from a well-known breach in the 17th Street Canal in the aftermath of Hurricane Katrina. State Farm contends that this is water damage within the meaning of the policy's water damage exclusion. The Court is compelled to agree. Clear precedent bars Ms. Pantanelli's recovery for flood damage under her homeowners policy. It states an unambiguous water damage exclusion. Therefore, the Court finds that the plaintiff's claim under her homeowners policy fails as a matter of law.

The cases are settled now. "Under Louisiana law, '[a]n insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code.'" In re Katrina Canal Breaches Litig., 495 F.3d 191, 214 (5th Cir. 2007) (quoting Cadwallader v. Allstate Ins. Co., 848 So.2d 577, 580 (La. 2003)), cert. denied, --- U.S. ---, 128 S.Ct. 1230, 170 L.Ed.2d 63, and cert. denied, --- U.S. ---, 128 S.Ct. 1231, 170 L.Ed.2d 63 (2008).

"If the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written." Id. at 207.  That is as certain in this case as in those.

The Fifth Circuit and the Louisiana Supreme Court both have recently determined, as a matter of law, that water from broken levees constitute a "flood" within the meaning of the flood exclusion contained in insurance policies.  In re Katrina Canal Breaches Litig., 495 F.3d 191, 214 (5th Cir. 2007) (holding that flood exclusions were unambiguous and barred coverage)[3]; Sher v. Lafayette Ins. Co., --- So.2d ---, 2008 WL 928486, at *7-8 (La. 4/8/08) (water that flowed through broken levees was "flood" within the meaning of flood exclusions).

Moreover, it is settled that State Farm's insurance policy unambiguously excludes coverage for damage caused by flooding, and this same flood exclusion has been upheld as valid and enforceable in other Katrina disputes that are identical to this one.  In re

---

[3] In so concluding, the Fifth Circuit instructs that the generally prevailing meaning of "flood" is: "When a body of water overflows its normal boundaries and inundates an area of land that is normally dry, the event is a flood." Id. at 215.  This is true, observed the court, regardless of the cause of the flood.  Id. at 217 ("distinguishing events based on whether the inundation had a natural or artificial cause may be unhelpful, especially if the policy itself does not make such a distinction[;] when the inundation results from the overflow of a body of water, whether natural or artificial, the event is a flood") and at 216 n. 21. ("[A] distinction between natural and non-natural causes in the context of a broken levee would be unworkable and would yield absurd results.")

6

<u>Katrina Canal Breaches Litigation</u>, 495 F.3d 191, 214 (5th Cir. 2007) (affirming district court's dismissal of plaintiff's flood claims against State Farm because State Farm's policy unambiguously excluded coverage for all floods); see also <u>Bilbe v. Belsom</u>, --- F.3d ---, 2008 WL 2332880, at *2 (5th Cir. May 12, 2008) (affirming district court's grant of summary judgment in favor of State Farm because "State Farm's water damage exclusion clearly and unambiguously excludes damages for all flooding").  Based on this clear and binding authority, the Court must enforce the unambiguous water damage exclusion as written; the plaintiff's claim to recover under her homeowners policy for her water damaged property is and must be barred as a matter of law.[4]

Ms. Pantanelli does not dispute that her house was completely flooded and that State Farm has already paid her for the wind damage to her roof.  The adjusters who inspected Ms. Pantanelli's house confirm that Ms. Pantanelli's house was flooded up to the

_____

[4] The Court notes that the result is the same for both the plaintiff's claims associated with damage to her dwelling (Coverage A) and to her contents (Coverage B), even acknowledging that the coverages are distinct, and different burdens of proof apply.  This is because recovery under both an open perils policy and a named peril policy both require some showing on the part of the insured that the claimed losses are covered.  Here, it is undisputed that the plaintiff seeks to recover for flood damage, for which she has no coverage under her homeowners policy.  State Farm has presented uncontroverted evidence that the plaintiff's damage to the structure of her house (excluding the roof) was caused by the excluded peril of flood from the 17th Street Canal.  Indeed, Ms. Pantanelli concedes that her house was flooded to the gutters.

roof.  Nothing Ms. Pantanelli has submitted to the Court in her own way supports a legally-recognized theory of recovery under her homeowners policy.[5]  Her insistence that wind caused the damage to her property (that wind blew over trees that weakened the levees that caused the flood) is disclaimed by the highest courts of this State.  As the Court already noted, the Fifth Circuit and the Louisiana Supreme Court have rejected similar claims by homeowners attempting to recover for flood damage under their homeowners policies, finding flood damage from levee breaches to be unambiguously excluded from coverage.  Thus, the plaintiff's attempt to recover under her homeowners policy for property damaged

---

[5] As the Court noted in its Order and Reasons on May 14, 2008, the Court is mindful that Ms. Pantanelli is representing herself in this matter, and accordingly her filings must be liberally construed.  See Erickson v. Pardus, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (citing Estelle v. Gamble, 249 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976))("A document filed pro se is 'to be liberally construed' and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers").  However, Ms. Pantanelli's "pro se status does not exempt her from the usual evidentiary requirements of summary judgment."  See Ellis v. Principi, 246 Fed.Appx. 867, (5th Cir. Sept. 5, 2007) (per curiam) (citing Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995)); cf. Merriman v. Potter, 251 Fed.Appx. 960, 965-66 (5th Cir. Oct. 25, 2007) (per curiam) (referencing Fed.R.App.P. 28 and noting that "even a pro se appellant must brief the reasons for the requested relief, including 'citation to the authorities, statutes and parts of the record relied on'").

The Court notes that, not only has the plaintiff failed to cite to any authority in support of her theory of recovery, she also fails to comply with the evidentiary requirements of summary judgment, by submitting only conclusory, and unauthenticated evidence.  See King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994) (citation omitted) (unauthenticated documents are improper as summary judgment evidence).

by flooding from the overflowing of canals and levee breaches, is precluded by the Fifth Circuit decision in <u>In re Katrina Canal Breaches Litigation,</u> 495 F.3d 191, 214 (5th Cir. 2007) and by the Louisiana Supreme Court's decision in <u>Sher v. Lafayette Ins. Co.</u>, --- So.2d ---, 2008 WL 928486 (La. 4/8/08).

Accordingly, enforcing the unambiguous terms of the insurance contract as written, it is this Court's duty to rule that State Farm's motion is GRANTED and the plaintiff's motion is DENIED.  The plaintiff's claims are hereby dismissed.

New Orleans, Louisiana, June 25, 2008.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE